

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **VS.** § | **CASE NO. 1:10-CR-35(1)** |
| § | |
| **JORDAN SCOTT WHEELER** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Jordan Scott Wheeler, violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release [doc. #31]. The Court conducted a hearing on February 6, 2014, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants

the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On September 8, 2010, the Honorable Marcia A. Crone, United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offense of Possession of Child Pornography, a Class C felony. The Court sentenced the defendant to 51 months imprisonment to be followed by five (5) years supervised release, subject to the standard conditions of release, plus special conditions to include: prohibited from having contact with children under 18 years old; prohibited from having a cell phone or other portable electronic devise(s); prohibited from possessing or viewing sexually explicit images and allow a search of his person and property. On July 8, 2013, Mr. Wheeler completed his period of imprisonment and began service of the supervision term. On December 16, 2013, the Court modified the defendant's conditions of release

were modified to include sex offender treatment.

   **B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated the following standard condition of supervised release:

> *The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.*

Specifically, Jordan Scott Wheeler failed to submit timely written monthly reports for August; September; October; November; and December 2013.

   **C. Evidence presented at Hearing:**

At the hearing, the Government proffered the following evidence as its factual basis for the allegations set out *supra*. The Government proffered the testimony of United States Probation Officer Ray Armstrong who would testify that despite being admonished to do so, the defendant failed to submit monthly reports to his probation office for the months of August, September, October, November and December 2013.

Defendant, Jordan Scott Wheeler, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that failed to submit his monthly reports to his probation officer in violation of his supervision conditions.

   **D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special of his standard condition of his supervised release by failing to

submit monthly reports to his probation officer. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of I and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not less than five years but up to life. *See* 18 U.S.C. § 3583(k); 18 U.S.C. § 2252A(a)(4)(B); *see also* U.S.S.G. § 7B1.3(g)(2).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Wheeler pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court. *See Consent to Revocation of Supervised Release and Waiver of Right to Be Present and Speak at Sentencing*.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Jordan Scott Wheeler, to serve a term of **seven (7) months** imprisonment. The Court further recommends that, upon his release from prison, the defendant be sentenced to a new term of **supervised release of four (4) years**. The new term of supervision should be subject to the following conditions:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

Under the guidance and direction of the United States Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) As directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

Under the guidance and direction of the United States Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing, as directed by the probation officer. Should the defendant fail to pay as directed, the defendant shall perform 3 hours of Community Service for each unpaid session.

The defendant shall not have contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer.

The defendant shall not possess or view any images in any form of media or in any live venue that depicts sexually explicit conduct. For the purpose of this special condition of supervised release, the term 'sexually explicit conduct' is as defined under 18 U.S.C. § 2256(2)(A), and is not limited to the sexual exploitation of children.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release.

The defendant shall not possess or access a computer, except in the course of his/her employment. Such computer shall have no modem or other device which would allow access to the Internet. The defendant shall allow the probation officer to have access to any computer to which he or she has access for the purpose of monitoring this condition, and shall fully cooperate with the probation officer with regard to enforcement of this condition. The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The defendant shall allow the United States Probation Office to install software designed to monitor computer activities on any computer the defendant is authorized to use. This may include, but is not limited to, software that may record any and all activity on the computers the defendant may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. The defendant will pay any costs related to the monitoring of his/her computer usage.

The defendant shall advise anyone in his/her household that any computer in the household may be subject to computer monitoring.

The defendant shall not attempt to remove, tamper with, or in any way circumvent the monitoring software.

The defendant shall disclose all on-line account information, including user names and passwords, to the United States Probation Office. The defendant shall also, if requested, provide a list of all software/hardware on his/her computer, as well as telephone, cable, or Internet service provider billing records, and any other information deemed necessary by the probation office to monitor the defendant's computer usage. The defendant shall provide the probation officer with

access to any requested financial information for purposes of monitoring their compliance with the imposed computer access/monitoring conditions.

The defendant shall not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection. The defendant shall also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.

The defendant shall reside in and participate in the community corrections component of a community corrections center, as instructed, until successfully discharged by the center director or otherwise instructed by the probation officer, but no longer than 180 days from admission. The defendant shall abide by all rules and regulations of the center and be required to pay subsistence."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n*., 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts

require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 7th day of February, 2014.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE